UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHERRI L. LOVE,<br><br>    Plaintiff<br><br>    v.<br><br>MEDICAL UNIT E FMWCC, et al,<br><br>    Defendants. | Case No. 2:20-cv-00525-JAD-EJY<br><br>**ORDER** |

## I. DISCUSSION

In its April 6, 2021 Screening Order, the Court ordered Plaintiff to file her amended complaint by May 7, 2021. ECF No. 11 at 9. The Court also advised Plaintiff that, if she did not file the amended complaint by that deadline, the action would be dismissed with prejudice. *Id.* Plaintiff has filed a Motion for Appointment of Counsel and Motion for Extension of Time to amend her complaint. ECF Nos. 13, 14.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff does not have a complaint pending in this action and therefore cannot show a likelihood of success. Furthermore, although the Court gave Plaintiff leave to amend her original complaint, that complaint did not show a likelihood of success as the Court dismissed that complaint in its entirety. ECF No. 11 at 9. Accordingly, the

Court does not find exceptional circumstances that warrant the appointment of counsel.  Therefore, the Court denies the Motion for Appointment of Counsel.

The Court will, however, grant Plaintiff's Motion for Extension of Time and extend the deadline for filing an amended complaint to June 7, 2021.  The Court is not likely to look favorably upon any further requests for extension of time.  The Court notes that, in the Screening Order, the Court provided Plaintiff with the applicable law concerning Eighth Amendment claims for deliberate indifference to serious medical needs.  ECF No. 11.

Plaintiff is reminded that she may not amend the complaint to add unrelated claims against other defendants and that an amended complaint does not include new distinct claims based on events that have taken place since the original complaint was filed.

## II.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion for Appointment of Counsel (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time (ECF No. 14) is GRANTED.  Plaintiff shall file her amended complaint on or before June 7, 2021.

IT IS FURTHER ORDERED that, if Plaintiff does not file an amended complaint by June 7, 2021, this action will be subject to dismissal for failure to state a claim.

DATED this 27th day of April, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE