UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHERRI L. LOVE,<br><br>            Plaintiff<br><br>    v.<br><br>MEDICAL UNIT E FMWCC, *et al.*,<br><br>            Defendants. | Case No. 2:20-cv-00525-JAD-EJY<br><br>**SCHEDULING ORDER FOR CIVIL RIGHTS ACTION FILED BY INCARCERATED PRO SE PLAINTIFF** |

Pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR)16-1(b), this Scheduling Order shall be filed and served by the Clerk upon the parties and their counsel. When the term "counsel" is used in this Scheduling Order, it shall also include any and all parties appearing *pro se*.

**IT IS HEREBY ORDERED:**

1. Any motion that may be brought under Fed. R. Civ. P. 13 and 14 or joining additional parties under Fed. R. Civ. P. 19 and 20, shall be filed within sixty (60) days from the date of this Order, which is **December 27, 2021**. Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith serve a copy of this Order upon the new party or parties. **Any motions to join parties filed after December 27, 2021 shall be denied as untimely absent a demonstration of extraordinary circumstances**.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend a complaint, shall comply with LR 15-1 and shall be filed and served within sixty (60) days from the date of this Order, which is **December 27, 2021**. **Any motion to amend pleadings after December 27, 2021 shall be denied as untimely absent a demonstration of extraordinary circumstances**.

3. **DISCOVERY:**

    (a) Discovery in this action shall be completed on or before ninety (90) days from the date of this Order, which is **January 26, 2022.**

      (b)      Pursuant to Fed. R. Civ. P. 33 (a)(1), unless otherwise stipulated by the parties or ordered by the court, a party may serve on any other party **no more than twenty-five (25) written interrogatories, including discreet subparts**.

      (c)      Pursuant to LR 26-7, unless otherwise ordered by the Court, written discovery (including responses, certificates of service, and deposition transcripts) shall **not** be filed with the Court unless such discovery is submitted in support of or in response to a motion. Original responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court. Any party that takes the deposition of another party or witness shall make the original transcript of a deposition available at any pretrial hearing, at trial, or on order of the Court.

4.      **EXTENSIONS OF DISCOVERY:**   Pursuant to LR 26-3, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery **must** be received by the Court **no later than January 5, 2022**, which is twenty-one (21) days prior to the expiration of the subject deadline. The motion or stipulation **must** include:

      (a)      A statement identifying the discovery completed by the parties as of the date of the motion or stipulation;

      (b)      A specific description of the discovery that remains to be completed;

      (c)      The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

      (d)      A proposed schedule for the completion of all remaining discovery.

5.      **DISCOVERY MOTIONS:**

      (a)      Discovery motions shall be filed and served no later than one hundred four (104) days from the date of this Order, which is **February 9, 2022**.

      (b)      Prior to filing a discovery motion, the parties **must** first undertake a good faith effort to resolve any dispute among the parties. The parties are further advised that:

     (1) Fed. R. Civ. P. 37(a)(1) mandates that any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court order"; and that,

     (2) Local Rule 26-6(c) states that a discovery motion "will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

    These two rules apply to any inmate civil right action brought under 42 U.S.C. § 1983.  While the court recognizes an inmate might not be able to meet personally with opposing counsel, an inmate is still required to attempt to resolve any discovery dispute either by a telephone consultation or a written communication with the inmates opposing parties in which the inmate makes a sincere attempt to resolve the discovery dispute.

    (c)  Text of Discovery Materials in Dispute

    Local Rule 26-6(b) requires that all motions to compel discovery or for protective order set forth in full the text of the discovery originally sought and the response(s) to that discovery, if any.  The court prefers that the actual discovery response which is the subject of a discovery dispute be submitted to the court.

  6.  Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed no later than **March 4, 2022.**

  7.  No motion filed beyond the time limit fixed by this Scheduling Order shall be considered by the Court unless the Court grants an exception for good cause shown.

  8.  **PRETRIAL:**  Pursuant to LR 16-3(b), the parties shall file a Joint Pretrial Order thirty (30) days after the date for filing motions for summary judgment unless dispositive motions are filed.  If dispositive motions are pending, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

9. Any party who seeks to amend this Scheduling Order shall file and serve a motion, not later than twenty-one (21) days prior to the deadline for which the party seeks amendment, stating the proposed amendments and the reasons therefor. After expiration of the twenty-one (21) day period, any amendment of this Scheduling Order shall be granted only upon a showing of good cause and excusable neglect.

Dated this 29th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE