1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

Sherri L. Love,

Case No.: 2:20-cv-00525-JAD-EJY

4

        Plaintiff

5

v.

**Order Affirming Magistrate Judge's Orders Denying Appointment of Counsel**

6

Rene Pena, et al.,

[ECF Nos. 42, 68, 78]

7

        Defendants

8

        Pro se plaintiff Sherri Love is incarcerated at the Florence McClure Women's

9

Correctional Center and sues various prison officials under 42 U.S.C. § 1983 for deliberate

10

indifference to her medical needs.[1]  To date, Love has filed nine motions for appointment of

11

counsel, all of which have been denied.[2]  She now appeals three of the magistrate judge's orders,

12

arguing that she needs a lawyer to conduct discovery and that her case is too complex for her to

13

litigate on her own.[3]  As the court has repeatedly informed Love, civil-rights litigants do not

14

have a right to court-appointed counsel unless they can demonstrate exceptional circumstances.

15

But in the nine times that she's requested this relief, Love hasn't made such a showing—or even

16

demonstrated that her circumstances have changed between each filing.  So I affirm the

17

magistrate judge's orders denying Love appointed counsel, and I strongly caution Love that any

18

future motions for appointment of counsel will be summarily denied unless she demonstrates that

19

her circumstances have substantially changed.

20

21

[1] ECF No. 66 (third-amended complaint).

22

[2] *See* ECF No. 13; ECF No. 16; ECF No. 17; ECF No. 19; ECF No. 34; ECF No. 52; ECF No. 56; ECF No. 70; ECF No. 111 (Love's motions for appointment of counsel).  *See also* ECF No. 15; ECF No. 18; ECF No. 23; ECF No. 35; ECF No. 53, ECF No. 64; ECF No. 72; ECF No. 122

23

(orders denying motions for appointment of counsel).

[3] ECF No. 42; ECF No. 68; ECF No. 78 (appeals of magistrate judge's orders).

**Discussion**

Like many prisoners who file civil-rights claims, Love asked the court to find and appoint her a free lawyer.  She asserts that Magistrate Judge Youchah "never explains her reasons for denying the appointment of counsel" and maintains that she has mental health issues and a limited education, rendering her unable to litigate her "very complex" case.[4]  Love also argues that defendant "Rene Pena is given the right to representation" so she "should also have this right."[5]  Pena responds to two of Love's three appeals, objecting that "Love disagrees with Judge Youchah's factual findings, but a disagreement is not sufficient to meet the deferential 'clearly erroneous' standard."[6]  And Pena insists that Judge Youchah's orders are not clearly erroneous or contrary to law.[7]

Judge Youchah has denied all of Love's requests for counsel, reasoning that Love "has repeatedly demonstrated her ability to articulate her causes of action to sufficiently proceed on her claims."[8]  She also cautioned Love "not to file another request for appointment of counsel until there is a change in circumstances in her case," but Love ignored that and filed another motion anyway.[9]  Love objects to Judge Youchah's denials of counsel, which I construe as

---

[4] ECF No. 42 at 1; ECF No. 68 at 1; ECF No. 78 at 1.

[5] ECF No. 78 at 1.  Pena does not have a constitutional right to counsel.  Indeed, no civil litigant—plaintiff or defendant—is automatically entitled to a lawyer.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)) ("Generally, a person has no right to counsel in civil actions.").  Such a right extends only to criminal defendants, which Love is not in this case.  *See* U.S. Const. amend. VI (granting criminal defendants the "assistance of counsel" "[i]n all criminal prosecutions").

[6] ECF No. 51 at 2 (Pena's response to ECF No. 42).  *See also* ECF No. 75 (Pena's response to ECF No. 68).

[7] ECF No. 51; ECF No. 75.

[8] ECF No. 72.

[9] *Id.* at 2.  *See* ECF No. 111 (motion for appointment of counsel filed after Judge Youchah cautioned Love).

appeals of those decisions.  A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge (such as the denial of a motion for counsel) "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[10] This standard of review "is significantly deferential" to a magistrate judge's determination.[11]  A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[12] or a relevant statute, law, or rule has been omitted or misapplied.[13]

Litigants do not have a constitutional right to appointed counsel in a civil-rights lawsuit like this one.[14]  The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, this resource is scarce because the lawyers who the court appoints in this way offer their services on a volunteer basis.  So the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[15]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[16] "Neither of these considerations is dispositive[;] instead[, they] must be viewed together."[17]

---

[10] L.R. IB 3-1(a).

[11] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[12] *Id.* (internal quotation marks omitted).

[13] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[14] *Storseth*, 654 F.2d at 1353.

[15] *Palmer*, 560 F.3d at 970.

[16] *Id.*

[17] *Id.*

Love has not shown exceptional circumstances here.  She has demonstrated that she is capable of articulating her claims and has done so in numerous filings in this case for more than two years.  Judge Youchah accurately concluded that the difficulties Love faces in bringing this suit (such as her mental health concerns and limited education) are the same as any pro se litigant and thus do not establish exceptional circumstances.[18]  As a result, Judge Youchah's denials were neither clearly erroneous nor contrary to law.  I therefore affirm the magistrate judge's orders denying Love appointment of counsel.  And I strongly caution Love that if she files motions for the appointment of counsel in the future without demonstrating a substantial change in her circumstances, those motions will be summarily denied.

## Conclusion

IT IS THEREFORE ORDERED that Love's appeals of the magistrate judge's orders denying appointment of counsel **[ECF Nos. 42, 68, 78] are DENIED**, and those three orders **[ECF Nos. 35, 64, 72] are AFFIRMED**.

_____
U.S. District Judge Jennifer A. Dorsey
July 14, 2022

---

[18] ECF No. 72 at 2.