UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sherri Love, | Case No.: 2:20-cv-00525-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Defendants' Motion to Seal Exhibits and Extending Love's Summary-Judgment Deadline to February 20, 2023** |
| Medical Unit E FMWCC, et al., | |
| Defendants | [ECF Nos. 161, 166, 171] |

Plaintiff Sherri L. Love brings this civil-rights action under 42 U.S.C. § 1983, claiming that the poor medical treatment she received for a broken leg during her incarceration at Nevada's Florence McClure Women's Correctional Center violated her Eighth Amendment rights. Various dispositive motions are pending in this case, along with a high number of procedural matters. To ensure that the dispositive motions may move swiftly towards resolution, the court takes this early opportunity to address the pending procedural motions.

First, the defendants move to seal exhibits A, C, D, G, and H of their motion for summary judgment, which are all copies of Love's confidential medical records.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial

---

[1] ECF No. 161.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* at 1119 (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]  Because the defendants have demonstrated that exhibits A, C, D, G, and H are personal medical records from Love's medical file, and the need for confidentiality of such personal information outweighs the public's need for access to those records, I grant the motion to keep these documents sealed.

Next, I address Love's filing dated November 14, 2022, and entered on the Court's docket on November 17, 2022, which appears to seek an extension of time to file summary-judgment motions and asks the court to "forward addresses" to the U.S. Marshal's office for yet-unserved defendants.[6]  To the extent that Love asks for the court to take action to serve defendants, that request is denied.  Love's deadline to provide the court with addresses for these defendants expired on September 30, 2022,[7] and Love's filing of a separate motion on September 16, 2022,[8] demonstrates that she had the ability to file motions seeking an extension of that deadline had she been able to demonstrate good cause to obtain one.  To the extent that Love is asking to extend the deadline for her summary-judgment filing yet again, I find good cause for <u>one final extension of this deadline</u>.  Love indicates that she is too sick with kidney pain to prepare any such filing.[9]  She asks the court to extend her deadline to February 20,

---

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[6] ECF No. 166.

[7] See ECF No. 153.

[8] ECF No. 156.

[9] ECF No. 166 at 3.

2023.[10]  I grant that request but caution Love that I will not extend this deadline further.  So she has until February 20, 2023, to file any response to the defendants' motion for summary judgment [ECF No. 160] and any motion of her own.  She is reminded that her failure to file a response to the defendants' motion for summary judgment can have the serious consequences described in the minute order issued at ECF No. 164 on November 10, 2022.

IT IS THEREFORE ORDERED that the motion to seal records **[ECF No. 161] is GRANTED.**  The Clerk of Court is directed to MAINTAIN THE SEAL on Exhibits A, C, D, G, and H, which are found at ECF No. 162.

IT IS FURTHER ORDERED that Love's motion at **ECF No. 166 is DENIED as to the service issues but GRANTED as to the request to extend her summary judgment deadline**. **Love's deadline to file any response to the defendants' motion for summary judgment [ECF No. 160] and any summary-judgment motion of her own is extended until February 20, 2023.**  This deadline is not likely to be extended again, so Love must work diligently to meet it.  Love's motion to extend the deadline to file a reply in support of this motion **[ECF No. 171] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 20, 2022

---

[10] *Id.*

3