UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHERRI L. LOVE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDICAL UNIT E FMWCC, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-00525-JAD-EJY<br><br>**ORDER** |

The Court now has before it three motions filed by Plaintiff Sherri L. Love all seeking the same relief. These motions include the Motion for Order for Crucial Evidence (ECF No. 170), the Motion for Court Order to get Medical Records (ECF No. 174), and the most recently filed Motion for Order for Medical Records (ECF No. 183). Ms. Love is advised ***not*** to file the same request multiple times. All she does by doing so is clog the Court with unnecessary repetitive requests that slow, not quicken, an outcome.

The Court previously gave Ms. Love an opportunity to file a reply in support of her Motions for Crucial Evidence and for Medical Records at ECF Nos. 170 and 174. However, it appears that instead of filing a reply, Ms. Love filed another motion seeking the same relief sought twice before.

Moreover, the Court recently received a supplement to Defendant's Opposition to Ms. Love's Motions seeking medical records from Quality Imaging. That supplement demonstrates Defendant has produced to Ms. Love the following documents:

(1) Quality Medical Imaging's Knee (4 views) RT on February 22, 2016, bates stamped Love 525: Def. Rule 26 Disclosures- 186, Love 525: Def. MSJ- Exh. G 014 and Love 525: Def. Third Supplemental Rule 26 Disclosures- 426.

(2) Quality Medical Imaging's Knee (4 views) LT on February 22, 2016, bates stamped Love 525: Def. Rule 26 Disclosures- 185, Love 525: Def. MSJ- Exh. G 013, and Love 525: Def. Third Supplemental Rule 26 Disclosures- 425.

(3) Quality Medical Imaging's Knee 1 or 2 View RT on September 6, 2019, bates stamped Love 525: Def. Rule 26 Disclosures- 183, Love 525: Def. MSJ- Exh. G 011 and Love 525: Def. Third Supplemental Rule 26 Disclosures- 423.

(4) Quality Medical Imaging's Knee 1 or 2 View LT on September 6, 2019, bates stamped Love 525: Def. Rule 26 Disclosures- 182, Love 525: Def. MSJ- Exh. G 010, and Love 525: Def. Third Supplemental Rule 26 Disclosures- 422.

(5) Quality Medical Imaging's Hip Unilateral With Pelvis Vis 2-3 View RT on February 12, 2020, bates stamped Love 525: Def. Rule 26 Disclosures- 181, Love 525: Def. MSJ- Exh. G 008, and Love 525: Def. Third Supplemental Rule 26 Disclosures- 420.

(6) Quality Medical Imaging's Knee 1 or 2 Views RT on February 13, 2020, bates stamped Love 525: Def. Rule 26 Disclosures- 179-180, Love 525: Def. MSJ- Exh. G 006-007 and Love 525: Def. Third Supplemental Rule 26 Disclosures- 418-419.

(7) Quality Medical Imaging's Femur Minimum 2 Views RT on April 29, 2020, bates stamped Love 525: Def. Rule 26 Disclosures- 178 , Love 525: Def. MSJ- Exh. G 005, and Love 525: Def. Third Supplemental Rule 26 Disclosures- 417.

(8) Quality Medical Imaging's Ultrasound Abdominal Limited on May 27, 2020, bates stamped Love 525: Def. Supplemental Rule 26 Disclosures- 223, Love 525: Def. MSJ- Exh. G 004, and Love 525: Def. Third Supplemental Rule 26 Disclosures- 416.

(9) Quality Medical Imaging's Abdomen (1 view) dated May 28, 2021, bates stamped Love 525: Def. MSJ- Exh. G 003.

As succinctly stated in *Payne v. Lim*, Case No. 2:20-cv-01231 DB P, 2022 WL 4056234, at * 1 (E.D. Cal. Sept. 2, 2022):

> A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). Subject to certain requirements, a plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). A court may grant such a request only after a plaintiff has shown that the documents or items sought from the nonparty are not obtainable from the defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. *See*, e.g., *Davis v. Ramen*, [Case No.] 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, [Case] No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010).

Here, Plaintiff has received medical records relevant to her case from Defendant on multiple occasions. There is no evidence that those documents are incomplete or unreliable. Plaintiff has not shown the records are obtainable only through Quality Medical Imaging.

Accordingly, IT IS HEREBY ORDERED that the Motion Order for Crucial Evidence (ECF No. 170) and the Motion for Court Order to get Medical Records (ECF No. 174) are DENIED.

1 | IT IS FURTHER ORDERED that the Motion for Order for Medical Records (ECF No. 183) is, DENIED as duplicative of ECF Nos. 170 and 174 and, therefore, moot.

DATED this 12th day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE