UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHERRI L. LOVE,<br><br>          Plaintiff,<br><br>     v.<br><br>MEDICAL UNIT E FMWCC, *et al.*,<br><br>          Defendants. | Case No. 2:20-cv-00525-JAD-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

  Before the Court is Plaintiff's Motion for Process of Service of Dolce Kabatay, Francisco Sanchez, Seymour Omandac, Betty Omandac, and Ella Cordovez. ECF No. 188. Plaintiff alleges "abuse of process … [that] it is not likely that all relevant defendant could not be found and given summons." Plaintiff also asks the Court to serve "all defendants." *Id.* at 2. Also before the Court is Plaintiff's Motion for Response requesting the Court respond and grant her Motion for Process of Service. ECF No. 191. The Court denies the Motion for Response as moot. The Court considers the Motion for Process of Service below.

  On March 16, 2022, the Court entered an Order instructing the Attorney General for the State of Nevada to file a notice advising whether he would accept service on behalf of four unserved defendants named in Plaintiff's Third Amended Complaint. ECF No. 87. The four unserved defendants included Gabrielle Garcia-Najera, Dulce S. Kabatay, Francisco M. Sanchez, and Nurse Malita. *Id.* On April 6, 2022, the Attorney General responded stating that service is accepted on behalf of Gabrielle Najera and Malita Sastrillo, current employees of Nevada Department of Corrections. The Attorney General could not accept service on behalf of Kabatay and Sanchez because these "former employees of the Nevada Department of Corrections … have not requested representation in this matter." ECF No. 96. The Attorney General's Office provided last known addresses for Kabatay and Sanchez under seal. ECF No. 97. However, service on Kabatay and Sanchez was ineffective as they were not at the addresses provided. ECF Nos. 110, 112.

1

On April 21, 2022, Plaintiff filed a Motion for Service asking the Court to serve Betty Omandac, Ella Cordovez, and the male Dr. Omandac. ECF No. 105. In the Court's May 26, 2022 Order, the Court ordered the Attorney General to advise whether he would accept service for Betty Omandac, Ella Cordovez, and the male Dr. Omandac. And, if he could not, to file their last known address with the Court. ECF No. 113. The Court also provided the Attorney General and Plaintiff an opportunity to provide additional information they might have to locate Kabatay and Sanchez. *Id.* at 2. The Court stated if the Attorney General and/or Plaintiff "are unable to provide any additional information to locate Defendants Dulce Kabatay and Francisco M. Sanchez so that they may be served, the Court … [would] recommend these defendants be dismissed without prejudice." *Id.* No additional information for Kabatay and Sanchez was received by the Court from either Plaintiff or the Attorney General.

On June 16, 2022, the Attorney General filed a notice stating "[a]t this time, service is not accepted on behalf of Dr. Betty Omandac, Dr. Ella Cordovez, and Dr. Omandac (believed to be Symour T. Omandac) … [because they] have not requested representation in this matter." ECF No. 124. The Attorney General provided last known addresses for these Defendants under seal. ECF No. 125. On June 22, 2022, summonses were issued for the Omandacs and Cordovez. ECF No. 128. On August 10, 2022, the summonses issued to the Omandacs were returned unexecuted. ECF No. 142, 143. The return of service completed by the U.S. Marshal states three attempts to serve the Omandacs were made but were ineffective as the "property appears vacant" and "no one home to accept process." *Id.* The summons issued to Cordovez was returned unexecuted on August 18, 2022. ECF No. 148. The U.S. Marshal indicated three attempts were also made to serve Cordovez but was ineffective because "no one [was] home." *Id.*

On September 8, 2022, the Court issued an Order granting Plaintiff through and including September 30, 2022 to file "any additional information regarding the addresses, location or other information that would assist in effecting service of process on the Omandacs and Cordovez." ECF No. 153. The Court advised Plaintiff that "failure to comply with the terms of [the] Order will result in a recommendation to dismiss, without prejudice, those Defendants for whom no additional information is provided." *Id.*

To date no additional information regarding addresses, location or any other information regarding Kabatay, Sanchez, the Omandacs, and Cordovez have been filed with the Court. The undersigned therefore finds it appropriate to recommend dismissal of these Defendants without prejudice.

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Process of Service of Dolce Kabatay, Francisco Sanchez, Seymour Omandac, Betty Omandac, and Ella Cordovez (ECF No. 188) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Response (ECF No. 191) is DENIED as moot.

IT IS HEREBY RECOMMENDED that Defendants Dolce Kabatay, Francisco Sanchez, Seymour Omandac, Betty Omandac, and Ella Cordovez be dismissed from this case without prejudice for failure to serve.

DATED this 21st day of February, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).