**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sherri Love, | Case No.: 2:20-cv-00525-JAD-EJY |
| Plaintiff | |
| v. | **Order Striking Defendants' Reply and Extending Plaintiff's Deadline to Respond to Motion for Summary Judgment to May 19, 2023** |
| Medical Unit E FMWCC, et al., | |
| Defendants | [ECF Nos. 201, 206, 208] |

The defendants in this deliberate-indifference-to-medical-needs case filed a motion for summary judgment in November 2022. On March 14, 2023, Plaintiff Sherri Love filed a document that was docketed as a "motion to deny motion for summary judgment."[1] In it, she complains that the defendants should not have filed a summary-judgment motion because she has been unable to get the declarations she needs to refute it. She states that she needs more time to collect relevant evidence and notes that she filed a declaration "under Rule 56(d)" that the court has not addressed.[2]

Love's habitual filing of repetitive documents in this case has made it difficult to determine what "Rule 56(d) declaration" she is referring to, but I believe she means a document titled "declaration" at docket number 174 at pages 3–4, which is stuffed between a motion for a "court order to get medical records" and a motion "asking for a reply from the courts regarding" an earlier-filed injunctive-relief motion and complaining about service issues.[3] This declaration

---

[1] ECF No. 201.
[2] *Id.* at 1.
[3] ECF No. 174.

is insufficient to meet the legal requirements under Federal Rule of Civil Procedure 56(d), which contemplates that a party opposing a summary-judgment motion show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[4] "A party seeking to delay summary judgment for further discovery" must show that: "(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[5]  District courts also consider (1) "whether the movant had sufficient opportunity to conduct discovery"; (2) "whether the movant was diligent"; (3) "whether the information sought is based on mere speculation"; and (4) "whether allowing additional discovery would preclude summary judgment."[6]  While Love's prior declaration touches on some of these issues, she fails to identify the specific facts she hopes to elicit from further discovery and how those facts would preclude summary judgment.

So I deny Love's "motion to deny summary judgment" based on her Rule 56(d) arguments without prejudice.  **In her response to the summary-judgment motion, Love may argue that the motion should be denied or deferred for further discovery under Rule 56(d). But she must attach to that response a declaration that provides the above-identified information required to adjudicate a Rule 56(d) request.  And she should include her Rule 56(d) argument along with any other substantive arguments she wishes to raise in opposition to the legal authority presented in the summary-judgment motion.**  In short, all of her arguments for why summary judgment should be denied and her case should proceed to

---

[4] Fed. R. Civ. P. 56(d).

[5] *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018).

[6] *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. App'x. 760, 761 (9th Cir. 2014) (unpublished) (collecting cases) (internal citations omitted).

trial should be combined into a single filing entitled "Opposition to Motion for Summary Judgment."

Defendants evidently believed that Love's "motion to deny summary judgment" constituted her opposition to their motion, so they responded to it by filing a reply.[7] I decline to construe Love's filing as an opposition and thus strike defendants' reply.

Finally, Love has asked for numerous extensions of her time to respond to the summary-judgment motion, which I have thus far granted; her response is currently due on April 20, 2023.[8] But I've also warned Love that, going forward, she must demonstrate extraordinary circumstances to warrant further extensions.[9] On March 24, 2023, Love filed another motion to extend time, arguing that she will be receiving surgery for throat and stomach issues and thus needs more time to file a response.[10] Surgery is an extraordinary circumstance warranting a further extension, so I grant it. Love's opposition to the summary-judgment motion is now due on May 19, 2023.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Sherri Love's motion to extend time to file a response to the defendants' summary-judgment motion **[ECF No. 206] is GRANTED**. Plaintiff's response to the defendants' motion for summary judgment **[ECF No. 160]** is due on **May 19, 2023**.

---

[7] ECF No. 208.
[8] *See* ECF No. 195.
[9] *Id.* at 2.
[10] ECF No. 206.

IT IS FURTHER ORDERED that plaintiff's motion to deny the motion for summary judgment **[ECF No. 201] is DENIED** without prejudice to her ability to raise her Rule 56(d) arguments as part of her properly titled opposition to the motion for summary judgment.

IT IS FURTHER ORDERED that defendants' reply in response to the motion for summary judgment **[ECF No. 208] is STRUCK**.

_____
U.S. District Judge Jennifer A. Dorsey
March 30, 2023