UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sherri Love,<br><br>      Plaintiff<br><br>v.<br><br>Medical Unit E FMWCC, et al.,<br><br>      Defendants | Case No.: 2:20-cv-00525-JAD-EJY<br><br>**Amended[1] Order Resolving Appeals and Objections, Denying Plaintiff's Motion for Preliminary Injunction, and Appointing Counsel**<br><br>[ECF Nos. 192, 193, 194, 196, 197, 200, 203, 205] |

      Sherri Love sues various prison officials and doctors for deliberate indifference to her medical needs in the treatment of her kidney disease and injuries she suffered after she fell out of a transport van at Florence McClure Women's Correctional Center (FMWCC). Love appeals the magistrate judge's denial of her tenth request for the appointment of counsel, arguing that exceptional circumstances warrant appointment. Because this case is in its final stages, Love has shown an inability to articulate her opposition to the defendants' summary-judgment motion in recent filings, and her medical complications are getting in the way of her ability to prosecute this case, I sustain Love's objections and appoint the Federal Public Defender's Office to represent Love for the remainder of this case.

      Love also appeals the magistrate judge's denial of her motion to serve process on five of the unserved defendants in this case. Because I find that Love complied with the court's request to file addresses for two of the defendants—Betty and Seymour Omandac—I reverse the denial as to those defendants and give Love an additional 30 days to serve them. But I affirm the

---

[1] This order has been amended because the original version did not list the denial of the motion for preliminary injunction in the itemized conclusion section (now found at lines 3–4 on page 11). This was mere oversight, and this amendment does not materially change the original order.

magistrate judge's order as to the remaining three defendants and adopt the recommendation to dismiss the claims against them with prejudice for failure to serve.

Love further appeals the magistrate judge's denial of her request for a copy of the docket sheet in this case. I affirm that decision because Love is not entitled to receive free copies from the court. And lastly, Love filed a preliminary-injunction motion on March 24, 2023, which I deny without prejudice because Love fails to sustain her burden for this type of motion.

## Discussion

**A.     Objections and appeals to magistrate-judge orders**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[2] This standard of review "is significantly deferential" to a magistrate judge's determination.[3] A district court may overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[4] or a relevant statute, law, or rule has been omitted or misapplied.[5]

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[6] The district judge "may accept, reject, or modify, in whole or in part, the

---

[2] L.R. IB 3-1(a).

[3] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[4] *Id.* (internal quotation marks omitted).

[5] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[6] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[7]

### 1.   *The magistrate judge's order and recommendation as to unserved defendants*

Love's operative third-amended complaint asserts claims against eight defendants. Three (Gabriella Najera, Malita Sastrillo, and Rene Pena) have accepted service and are represented by the Nevada Attorney General's Office. The remaining five (Dolce Kabatay, Francisco Sanchez, Seymour Omandac, Betty Omandac, and Ella Cordovez) have not been successfully served, but that's not for lack of trying. As magistrate judge Elayna J. Youchah explained in her February 21, 2023, order, the court has attempted to ascertain the full names and addresses of those defendants since early 2022 and ordered the attorney general to either accept service on their behalf or provide their last-known addresses.[8] The attorney general provided those defendants' addresses, and the U.S. Marshals Service attempted thrice to serve each of them.[9] Those attempts were unsuccessful. On September 8, 2022, Judge Youchah entered an order informing Love that the service attempts failed and giving her until September 30, 2022, to file "any additional information that would assist in effecting service of process on" the Omandacs and Cordovez.[10] From a cursory review of the docket, it appears that Love did not respond to that

---

[7] 28 U.S.C. § 636(b)(1).

[8] ECF No. 193.

[9] *See* ECF No. 97 (Kabatay's and Sanchez's addresses, filed under seal); ECF No. 125 (Cordovez's and the Omandac's addresses, filed under seal); ECF No. 110 (Kabatay's summons returned unexecuted); ECF No. 112 & ECF No. 118 (Sanchez's summons returned unexecuted); ECF No. 142 (Seymour Omandac's summons returned unexecuted); ECF No. 143 (Betty Omandac's summons returned unexecuted); ECF No. 148 (Cordovez's summons returned unexecuted).

[10] ECF No. 153.

order—no filing contains a title that would indicate that the document included additional addresses for the unserved defendants.

On February 8, 2023, Love moved for service of process on the five unserved defendants.[11] Judge Youchah denied the motion, explaining all of the attempts that have been made to locate and serve the defendants.[12] For the most part, Judge Youchah's procedural history is complete. But on closer examination of the docket, I discovered a motion for extension of time filed by Love on September 16, 2022.[13] At the very bottom of that motion, Love included new addresses for Betty and Seymour Omandac and asked the court to forward those addresses to the U.S. Marshals Office.[14] Because this information was appended to an unrelated motion, it was missed. But it appears that Love tried in good faith to comply with the court's orders and provide those addresses, so I reverse the magistrate judge's denial of Love's motion as to the Omandacs, reject the recommendation to dismiss the claims against them, and give plaintiff—through newly appointed counsel—an additional 30 days to serve those defendants.

But the same cannot be said for the remaining three defendants. The court has attempted to locate and direct service on Sanchez, Kabatay, and Cordovez to no avail, and Love has not complied with the court's orders directing her to provide alternative addresses for those defendants. The time to do so has long passed—Federal Rule of Civil Procedure 4(m) requires that plaintiffs serve defendants "within 90 days after the complaint is filed."[15] That deadline

---

[11] ECF No. 188.
[12] ECF No. 193.
[13] ECF No. 156.
[14] *Id.* at 1.
[15] Fed. R. Civ. P. 4(m).

expired on April 11, 2022. And despite that deadline expiring almost one year ago, the magistrate judge continued to seek addresses for the unserved defendants through September 2022. Even given the generous extensions and assistance that the magistrate judge offered throughout this case, Love was unable to provide information leading to proper service for those three defendants. And ultimately, regardless of her incarceration status, it is Love's responsibility to provide the information used to serve the defendants, and she has been unable to do so. Nor has she provided good cause to extend the deadline further.[16] So I affirm the magistrate judge's denial of her service motion and adopt the recommendation to dismiss with prejudice all claims against Sanchez, Kataday, and Cordovez.[17]

### 2. *The magistrate judge's order denying copies of the docket sheet*

Love appeals Judge Youchah's order denying her request for a copy of the docket in this case.[18] Judge Youchah denied the request because Love provided no reason for it.[19] Love identifies no clear legal or factual error in Judge Youchah's order. She merely argues that she has "never had to get approval from the Judge [to receive her] docket."[20] But as Judge Youchah explained, this court is not a copying service.[21] An inmate has no right to free photocopying.[22]

---

[16] *See id.* ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). In her appeal, Love states only that she is financially unable to serve the remaining defendants. But Love has not been required to pay the costs of serving her complaint, she merely must identify where the service must occur.

[17] The majority of Love's objection seeks my and Judge Youchah's disqualification. She does not identify any legitimate bases for recusal. So, to the extent that I construe the objection as a motion to disqualify, I deny it because it is unsupported.

[18] ECF No. 192.

[19] ECF No. 190.

[20] ECF No. 192 at 1.

[21] ECF No. 190.

[22] *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

A prisoner-litigant who wants copies of electronically filed documents from the court must pay $0.50 per page to receive them.[23] So the magistrate judge did not clearly err when she denied Love's request for a copy of the docket sheet.

### 3. The magistrate judge's order denying counsel

Love has filed ten motions requesting the appointment of counsel.[24] On March 8, 2023, the magistrate judge denied the most recent one, finding that Love's argument that she needed counsel to conduct further discovery did not present exceptional circumstances to appoint counsel.[25] Love appeals, arguing that she is mentally unable to articulate her case or follow the proper procedures to ensure that she's received the discovery she needs to respond to the defendants' summary-judgment motion.[26] And in other filings, Love explains the negative effects that her constant pain has had on focusing on the case and meeting deadlines.[27]

Love is at this point familiar with the standard for appointing counsel in civil-rights cases like this. Indigent, civil-rights litigants like Love do not have a constitutional right to appointed counsel.[28] Instead, these requests are governed by 28 U.S.C. § 1915(e)(1), which allows the

---

[23] L.R. IC 1-1(i)(5); 28 U.S.C. § 1914.

[24] *See* ECF No. 15; ECF No 18; ECF No. 23; ECF No. 35; ECF No. 53; ECF No. 64; ECF No. 72; ECF No. 122; ECF No. 197.

[25] ECF No. 197.

[26] ECF No. 200; ECF No. 205. The rest of Love's objection at ECF No. 205 implies that she believes the court appointed counsel for the defendants and asks why the court has been treating the defendants more favorably. **The court did not appoint counsel for the defendants—they retained counsel on their own.** Further, Love complains that service of process had not been attempted on some of the unserved defendants because she does not see those service returns on the docket. Those returns are sealed because they contain the addresses of the defendants. But as I discussed *supra* at p. 3, the U.S. Marshals Service attempted service on the defendants at their last-known addresses three times, and none of those attempts were successful.

[27] *See, e.g.*, ECF No. 187.

[28] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

court to "request an attorney to represent any person unable to afford counsel." Courts do so only in "exceptional circumstances."[29] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved."[30]

At this stage in the proceedings and after reviewing Love's recent filings in this case, I find that extraordinary circumstances now exist to appoint counsel in this case. Love has demonstrated through various filings that she is unable to effectively prosecute this action further and defend against the defendants' motion for summary judgment. She also raises concerns with the adequacy of the defendants' discovery productions and representations in this case that are difficult to evaluate without counsel's insights. So I find that exceptional circumstances are indeed warranted to appoint counsel for the remainder of this case, and I thus appoint the Federal Public Defender to represent Love.

Newly appointed counsel is advised that the defendants have filed a motion for summary judgment in this case.[31] The court has given Love multiple extensions of her deadline to respond, due to her pain complaints and representations about an upcoming surgery. **Her response is now due on May 19, 2023**.[32] And Love is advised that, from this point forward, her appointed counsel—and only her appointed counsel—may file briefs and motions in this case. If Love files any further documents in this case on her own, they will be stricken from the record

---

[29] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).
[30] *Id*.
[31] ECF No. 160.
[32] ECF No. 209.

under Local Rule IA 11-6(a), which prohibits a represented party from filing documents on her own.

### 4. *The magistrate judge's report and recommendation re: screening complaint*

In the same order denying Love's motion for appointment of counsel, the magistrate judge also addressed Love's statement that "the Court erred in granting [an] amended complaint."[33] The judge construed that statement as an objection to an earlier order screening Love's third-amended complaint and recommending that the objection be denied.[34]

While Love objected to the denial-of-counsel portion of that order, it does not appear from her filings that she objects to the magistrate judge's report and recommendation here. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[35] Having reviewed the report and recommendation, I find good cause to adopt it, and I do.

## B. Love's preliminary-injunction motion

On March 24, 2023, Love filed a motion for a preliminary injunction, arguing that the medical staff at FMWCC have lied about the results of her urinalysis testing to cover up her kidney disease and have stopped providing her care when she goes to emergency sick call for pain complaints related to her kidneys.[36] She contends that the FMWCC nurses have told her that her kidney symptoms are "all in [her] head," but she's reviewed her medical chart and found

---

[33] ECF No. 197 at 2.

[34] *Id.* at 3.

[35] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[36] ECF No. 203 at 3–5.

a document diagnosing her with kidney disease and other ailments.[37] She also complains that, in January 2023, FMWCC sent her to Sunrise Hospital for her complaints, but the medical staff there "patient-dumped" her and gave her inadequate care.[38] Love asks to be sent to UMC Hospital, where she contends fellow inmates have received better care.[39] She also asks that I "make FMWCC Medical . . . stop all the inhumane treatment."[40]

"A preliminary injunction is an extraordinary remedy never awarded as of right."[41] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."[42] Mandatory injunctions requiring a party to "take action" are "particularly disfavored," and they should be denied "unless the facts and law clearly favor the moving party."[43] The Ninth Circuit has thus cautioned against granting such relief in "doubtful cases."[44] Further, prisoners who seek injunctive relief must meet the Prison Litigation Reform Act's (PLRA) requirements that the "relief must be narrowly drawn" "and be the least intrusive means necessary to correct [the] harm."[45]

---

[37] *Id* at 3, 6.
[38] *Id.* at 2.
[39] *Id.* at 3.
[40] *Id.* at 9.
[41] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).
[42] *Id.* at 20.
[43] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citations omitted).
[44] *Id.* (citation omitted).
[45] 18 U.S.C. § 3626 (a)(2).

Love has not shown that she will suffer irreparable injury without the relief she requests. Her belief that FMWCC nurses falsified the results of her urinalysis tests is based on speculation at best, as is her belief that she would receive different or better care if she was sent to a different hospital for treatment. Further, Love's request that I order FMWCC to "stop all the inhumane treatment" lacks specificity and is too broadly drawn to allow relief under the PLRA. So I deny Love's motion for a preliminary injunction without prejudice and advise her that she should raise her concerns about her treatment with her newly appointed counsel when they contact her.

## Conclusion

**IT IS THEREFORE ORDERED** that, having considered plaintiff Sherri Love's appeal of the magistrate judge's order denying her motion for a copy of her docket sheet **[ECF No. 192]**, the magistrate judge's order **[ECF No. 190] is AFFIRMED.**

**IT IS FURTHER ORDERED** that, having considered Love's appeal of the magistrate judge's order denying Love's motion to serve defendants **[ECF No. 194]**, the magistrate judge's order **[ECF NO. 193] is REVERSED in part and AFFIRMED in part**: the motion is reversed as to defendants Betty and Seymour Omandac and affirmed as to defendants Dolce Kabatay, Francisco Sanchez, and Ella Cordovez. **Plaintiff's appointed counsel has 30 days to attempt service on the Omandacs and file proofs of service.**

**IT IS FURTHER ORDERED** that Love's objection to the magistrate judge's report and recommendation to dismiss the unserved defendants **[ECF No. 194] is OVERRULED in part and SUSTAINED in part**. The magistrate judge's recommendation **[ECF No. 193] is ADOPTED in part as to Dolce Kabatay, Francisco Sanchez, and Ella Cordovez. The claims against those defendants are DISMISSED with prejudice for failure to serve. The Clerk of Court is directed to TERMINATE these parties.** The magistrate judge's

recommendation is **REJECTED in part as to Defendants Betty and Seymour Omandac**. Those defendants remain in this case pending another attempt at service.

**IT IS FURTHER ORDERED** that Love's motion for a preliminary injunction **(ECF No. 203] is DENIED**.

**IT IS FURTHER ORDERED** that, having considered Love's appeal of the magistrate judge's order denying her motion for the appointment of counsel **[ECF Nos. 200 & 205]**, the magistrate judge's order **[ECF No. 197] is REVERSED**.  The Court appoints the Federal **Public Defender to represent Love in this matter**.  The Clerk of Court is directed to add **the Federal Public Defender's Office to the service list** in this matter and to separately serve this order on the Federal Public Defender's Office so that representation may begin immediately. **The Federal Public Defender is reminded that any opposition to the defendants' motion for summary judgment [ECF No. 160] is due on May 19, 2023.**

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2023