# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sherri Love,

    Plaintiff

v.

Medical Unit E FMWCC, et al.,

    Defendants

Case No.: 2:20-cv-00525-JAD-EJY

**Order Denying Motion for Summary Judgment under FRCP 56(d) and Resolving Remaining Motions**

[ECF Nos. 160, 238, 239, 240, 241, 242, 243, 244]

    Sherri Love sues various officials and medical personnel for deliberate indifference to her medical needs during her incarceration at Nevada's Florence McClure Women's Correctional Center (FMWCC). After the close of an extended discovery period, defendants Gabrielle Najera, Rene Pena, and Malita Sastrillo moved for summary judgment in November 2022. Since that motion was filed, Love has moved for several extensions of time to respond to that motion, has requested time to conduct discovery she couldn't get before, and has been appointed and lost counsel. In the interests of moving this case forward, I liberally construed one of Love's recent pro se motions as an opposition to the summary-judgment motion under Federal Rule of Civil Procedure 56(d). I now deny the defendants' summary-judgment motion because Love has sufficiently shown that she is missing discovery that may be important to resolve her claims. Discovery in this case is reopened until December 7, 2023, for Love to attempt to procure the evidence that she says she is missing and to conduct discovery related to recently served defendants Betty and Seymour Omandac. But I advise Love that **this is the last extension she will be given to conduct discovery and prove her case**. I deny the remainder of Love's motions.

**Discussion**

**A.     Defendants' summary-judgment motion**

If a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," Federal Rule of Civil Procedure (FRCP) 56(d) permits courts to "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[1] "A party seeking to delay summary judgment for further discovery" must show that: "(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[2] District courts also consider (1) "whether the movant had sufficient opportunity to conduct discovery"; (2) "whether the movant was diligent"; (3) "whether the information sought is based on mere speculation"; and (4) "whether allowing additional discovery would preclude summary judgment."[3]

Though not models of clarity, Love's various motions and documents she has filed in this case express her need for specific medical records.[4] For the brief moment that the Federal Public Defender's Office represented Love in this case, her attorneys noted that they were trying to collect medical records from outside doctors and retain experts in order to respond to the

---

[1] Fed. R. Civ. P. 56(d).

[2] *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018).

[3] *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. App'x. 760, 761 (9th Cir. 2014) (unpublished) (collecting cases) (internal citations omitted).

[4] *See* ECF No. 174 at 3–4 (Love's 56(d) declaration seeking declarations from witnesses at FMWCC and her x-rays); ECF No. 208 at 1 (seeking all medical records, expert review from an orthopedic specialist and kidney specialist and noting that the Federal Public Defender's Office has all of her records pertaining to this case).

summary-judgment motion.[5] The defense contends that Love had plenty of time to conduct this discovery and should have been more diligent. But I recognize that Love has continuously complained that her mental-health impairments and pain have prevented her from keeping up with court deadlines, and discovery is a difficult task to conduct from prison while proceeding pro se.

    Defendants also contend that their summary-judgment motion "primarily rests" on their lack of personal participation in Love's alleged constitutional violations.[6] But the defendants also challenge the factual bases of her deliberate-indifference claim and contend that they are entitled to qualified immunity "given the particularized facts and circumstances of this case."[7] The court cannot have a complete understanding of those particularized facts if evidence to supply those facts is missing. So I deny the defendants' summary-judgment motion without prejudice to its refiling after a reopened, 120-day discovery period during which Love must conduct all discovery she deems necessary to prosecute her case and properly oppose the defendants' anticipated summary-judgment motion. I reopen discovery for two narrow purposes: (1) to allow Love to conduct the discovery she needs to respond to the merits of defendants' summary-judgment motion and (2) for both parties to conduct discovery related to Love's claims against Betty and Seymour Omandac, who were served on May 24, 2023, and are represented by the Nevada Attorney General's Office, but have not yet filed a response.[8]

---

[5] ECF No. 228.

[6] ECF No. 237.

[7] ECF No. 160 at 17.

[8] ECF No. 224; ECF No. 225. On May 31, 2023, **the Attorney General's Office entered an appearance on behalf of the Omandacs. No answer or other response has been filed for these defendants**.

3

I have referred this case to the pro bono program to attempt to find another attorney to represent Love.[9] But there is no guarantee that an attorney will volunteer to take this case. So Love must forge ahead on her own with the assumption that pro bono counsel may not be found for her. As a pro se litigant, she must conduct her own discovery, properly and timely respond to motions, and follow the rules of civil procedure and this court. Despite the challenges that maintaining a lawsuit while incarcerated presents, Love still must prosecute her case. My repeated admonitions and insistence that she meet deadlines in this case are not a personal or biased attack against Love. It is the standard that all litigants—pro se parties and attorneys alike—must meet to conduct themselves in federal court. Love has had a far-above-average amount of time to conduct discovery, serve defendants, and respond to the summary-judgment motion that has been pending for more than eight months. No attorney would have been granted the generous leeway Love has received, and most incarcerated litigants facing the same challenges that Love faces are able to meet court deadlines. I encourage Love to use the next 120 days expeditiously and without delay to conduct the discovery she needs and to take all steps necessary to ensure she is complying with the rules of this court to do so.

**B.     Love's other motions (ECF Nos. 238, 239, 240, 241, 242, 244)**

In response to my earlier order granting the Federal Public Defender's motion to withdraw from this case, Love moves to stay the summary-judgment motion, extend time to respond to the motion, and to "stop [my] order" setting a deadline for her long-awaited

---

[9] Love filed yet another motion to appoint counsel today. ECF No. 243. A true conflict of interest required the Federal Public Defenders, whom I already appointed to defend her, to withdraw. I cannot force another attorney to take her case—I have already referred her to the pro bono program, which is the only relief this court can provide. So I deny as moot her motion to appoint counsel. Love is cautioned that filing additional motions for counsel is unnecessary and will have no added benefit.

response.[10] I deny all of those motions as moot because the summary-judgment motion has been denied and the relief she seeks has thus been provided. But in those motions, Love also suggests that the Federal Public Defender's Office still has her files pertaining to this case. I thus order the Federal Public Defender to return any files in its possession that are related to Love's civil-rights case.

Love also filed a "motion to investigate" me that is addressed to Ninth Circuit Chief Judge Murguia.[11] As it was filed on this docket and not in the Ninth Circuit, I construe this motion as yet another motion for me to recuse from this case.[12] I deny the motion because Love has not identified a legitimate basis for my recusal. She continues to express frustration with my rulings and baldly characterize me as biased. But, as the United States Supreme Court explained in *Liteky v. United States*, "judicial rulings" are no basis for recusal.[13] Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[14] "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[15]

---

[10] ECF No. 238; ECF No. 239; ECF No 240; ECF No. 244.

[11] ECF No. 241. I am unaware if this motion was forwarded on to the Ninth Circuit. My ruling only affects the motion as it was filed in this district-court case and as construed as a motion to recuse.

[12] *See, e.g.*, ECF No. 181 (order denying recusal).

[13] *Liteky v. United States*, 510 U.S. 540, 555 (1994); s*ee also Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (recognizing that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis") (citations omitted).

[14] *Id*.

[15] *Id*.

Lastly, Love filed a document seeking the address and phone number of this court's Pro Bono Program Liaison. Love has not justified her need for this information. The pro bono program operates without direct communication with pro se parties. The program works in conjunction with the Legal Aid Center of Southern Nevada, Washoe Legal Services, Nevada Legal Services, and the Federal Bar Association of the District of Nevada to find attorneys for pro se litigants that judges like myself refer.[16] If an attorney volunteers to take Love's case, she will be given that attorney's contact information. So I deny her motion.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion for summary judgment **[ECF No. 160] is DENIED** under FRCP 56(d) and without prejudice to its re-urging after the close of the re-opened discovery period.

IT IS FURTHER ORDERED that the discovery period is re-opened until **December 6, 2023**. Dispositive motions are now due on **January 6, 2023**. This deadline for filing dispositive motions (which would include summary-judgment motions) applies to all parties in this case.

IT IS FURTHER ORDERED that Love's motions related to her deadline to respond to the defendants' motion for summary judgment **[ECF Nos. 238, 239, 240, 243, 244] are DENIED as moot**.

IT IS FURTHER ORDERED that Love's motion to recuse **[ECF No. 241] is DENIED.** The Clerk of Court is directed to **forward a copy of that motion**, which appears to be directed to Ninth Circuit Chief Judge Murguia, to the Ninth Circuit, **along with a copy of this order**.

IT IS FURTHER ORDERED that Love's motion to receive the Pro Bono Liaison's address and phone number **[ECF No. 242] is DENIED**.

---

[16] *See* General Order 2019-07.

IT IS FURTHER ORDERED that the Federal Public Defender's Office is directed to return any and all files related to this civil-rights case to Love **within 10 days of this order**. Counsel must file a notice with the court when this has been accomplished. **The Clerk of Court is directed to serve a copy of this order on the Federal Public Defender's Office**.

                                        _____
                                        U.S. District Judge Jennifer A. Dorsey
                                                         August 9, 2023