UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Sherri Love,

    Plaintiff

v.

Medical Unit E FMWCC, et al.,

    Defendants

Case No.: 2:20-cv-00525-JAD-EJY

**Order Denying as Moot Motions to Stay and for Status, and Setting Status Conference and Hearing on Motion for Preliminary Injunction**

[ECF Nos. 253, 254, 251]

    Plaintiff Sherri Love brings this civil-rights action against various prison officials for deliberate indifference to medical needs. The defendants moved for summary judgment in November 2022.[1] I granted Love's many requests to respond to that motion and appointed the Federal Public Defender to represent her, but the FPD had to withdraw due to a conflict. On August After Love repeatedly insisted that she could not respond to the motion because she still needed declarations and medical records to support her claims, I denied the defendants' summary-judgment motion under Federal Rule of Civil Procedure 56(d), reopened discovery for 120 more days, and referred her case to the Pro Bono Program to help find her new counsel.[2]

    After that order hit the docket, the clerk's office received two motions from Love. One, dated July 21, 2023, requesting that the court "hold the summary-judgment [motion] in abeyance until . . . [she is] appointed" counsel.[3] The other, dated August 4, 2023, was docketed as a motion for status update, and also states that Love "cannot do [her] opposition to summary

---

[1] ECF No. 160.
[2] ECF No. 249.
[3] ECF No. 253.

judgment" in the two weeks she was previously given.[4]  Both of those motions are dated before I denied defendants' summary-judgment motion.  Because the relief Love seeks is moot in light of the denial, I deny Love's motions.

Love has also filed "objections" to my order denying defendants' summary-judgment motion, claiming that I determined that the defendants "have a merited summary judgment."[5] She also contends that it is "impossible" for her to complete more discovery because of her severe medical problems but, at the same time, she complains that she has not been given enough time to complete discovery.[6]  She appears to request that, instead of extending discovery, I should stay this case indefinitely because her illness prevents her from prosecuting it.[7]

To clarify, I *denied* defendants' summary-judgment motion; that means Love will have another chance to present her evidence and argue that she is entitled to relief on her claims, either in response to a renewed summary-judgment motion or at trial.  But Love has not shown that an indefinite stay of this case is warranted.  Love, as the plaintiff in this case, is responsible for moving her case forward.  I am sympathetic to Love's representations about her mental-health and medical problems.  But this case cannot languish without any anticipation of when Love will feel able to participate in her lawsuit.  The correct course of action here is to attempt to find Love pro bono counsel, and that search is in progress**.  If Love has not yet filled out and returned**

---

[4] ECF No. 254.

[5] ECF No. 248 at 2.

[6] *Id.* at 1 (arguing that she was not given "a far-above-average amount of time to complete discovery" because COVID lockdowns and medical issues prevented her from utilizing that time").

[7] *Id.* at 1 (contending that she filed a "motion for a stay of execution and excusable neglect" that she contends was "ignored").

**the paperwork required by the Pro Bono Program, she is encouraged to do so as soon as possible**.

Love has also filed a motion for a preliminary injunction, arguing that the medical staff at Florence McClure Women's Correctional Center is still acting deliberately indifferent to her continued severe kidney pain and related symptoms.[8] The defendants recently moved for a 14-day extension of time to respond to her motion, contending that they need to obtain Love's recent medical records. I find good cause to grant an extension, but not a 14-day one. Defendants' response is now due on October 6, 2023. I also set a hearing on Love's motion, as well as a status conference at the same time to discuss Love's purported inability to conduct further discovery in this case and the search for pro bono counsel.

## Conclusion

IT IS THEREFORE ORDERED that Love's motions for a stay to respond to defendants' motion for summary judgment and for a status update on her response deadline **[ECF Nos. 253 and 254] are DENIED as moot**.

IT IS FURTHER ORDERED that Love's motion for a preliminary injunction [ECF No. 251] will be heard at **11:00 A.M. on October 18, 2023**, in Courtroom 6D of the Lloyd D. George Courthouse. The court will also conduct a status conference at that time. The court orders that Love be transported to the courthouse to attend this hearing in person.

IT IS FURTHER ORDERED that the defendants' motion for an extension of time to

. . .

---

[8] ECF No. 251.

3

respond to Love's motion **[ECF No. 257] is GRANTED in part**. Their response is now due on **October 6, 2023**. Love's reply is due on **October 13, 2023**.

_____
U.S. District Judge Jennifer A. Dorsey
September 28, 2023